**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| SOUTHERN TRUST INSURANCE COMPANY, <br><br>     Plaintiff, <br><br> v. <br><br> PREMIER PACKAGING, INC. and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>No. 2:23-cv-02814-SHL-atc |

---

**ORDER DENYING DEFENDANT PREMIER PACKAGING, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Before the Court are Defendant Premier Packaging, Inc.'s ("Premier") Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 27), filed March 14, 2024, Plaintiff Southern Trust Insurance Company's ("Southern Trust") response (ECF No. 33), filed April 11, 2024, and Premier's reply (ECF No. 37), filed April 24, 2024.

Because the complaint contains sufficient factual matter that, when accepted as true for purposes of this motion, states a claim to relief that is plausible on its face and the necessary parties are already involved in the matter, Premier's motion is **DENIED**.

## BACKGROUND[1]

St. Paul Fire and Marine Insurance Company ("St. Paul") owns a 100,000 square foot warehouse at 3790 Knight Road, Memphis, TN.  (ECF No. 21 at PageID 274.)  Mallory Alexander International Logistics, LLC ("Mallory"), who is not a party to this action, leased this warehouse space from June 2019 through June 2022.  (ECF No. 21 at PageID 274.)  Mallory

---

[1] The Court only discusses facts pertinent to Premier's motion.  The facts are taken from the Parties' filings and are accepted as true for purposes of this motion.

then sublet the property to Premier from December 2020 through December 2021.  (ECF No. 21 at PageID 274.)

On March 1, 2020, an insurance policy, No. BOP412003668, was issued by Southern Trust to Premier, covering Premier's business personal property as outlined in Section I of the policy.  (ECF No. 21 at PageID 267, 271.)  Changes were made to the policy in December 2020, including adding the warehouse at 3790 Knight Road for liability coverage.  (ECF No. 21 at PageID 271.)  The Declaration page for the policy lists 3790 Knight Road as having "GL only"[2] coverage in the Liability and Medical Expenses portion of Section II.  (ECF No. 21 at PageID 273.)  St. Paul was included as an additional insured as the building owner.  (ECF No. 21 at PageID 272, 276.)

In a separate lawsuit filed in this district, St. Paul Fire and Marine Insurance Company v. Mallory Alexander International Logistics, LLC and Premier Packaging, Inc., No. 2:23-cv-02651, St. Paul alleges negligence-based claims against Premier and Mallory Alexander concerning damage to the property.  (ECF No. 21 at PageID 266.)  Premier stored pallets of canned alcoholic beverages in the warehouse.  (ECF No. 21 at PageID 274.)  St. Paul alleges that those beverages leaked onto the floor, "causing corrosion and deep gashes through the concrete layer of the floor, and that other damage occurred during the terms of the lease and sublease. (ECF No. 21 at PageID 275.)

Here, in its amended complaint, filed March 1, 2024, Southern Trust seeks a declaratory judgment under 28 U.S.C. § 2201 that would determine the rights and obligations of Southern Trust, Premier, and St. Paul concerning the business personal property insurance policy, No. BOP412003668, issued by Southern Trust to Premier.  (ECF No. 21 at PageID 279.)  In the

---

[2] General liability.

2

alternative, Southern Trust requests reformation of the insurance contract to correct a mutual mistake.  (ECF No. 21 at PageID 280–82.)  Southern Trust previously issued a coverage denial under this policy.  (ECF No. 21 at PageID 278.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).  Indeed, a court cannot disbelieve the facts as alleged by a plaintiff.  Cupp v. Alberto-Culver USA, Inc., 310 F. Supp. 2d 963, 968–69 (W.D. Tenn. 2004).  However, "legal conclusions or unwarranted factual inferences should not be accepted as true."  Id. (quoting Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405–06 (6th Cir. 1998)).

A motion to dismiss for failure to join a party is governed by Rule 19, which provides that "[a] person . . . whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties . . . ."  Fed. R. Civ. P. 19(a)(1)(A).  When assessing "complete relief," Rule 19(a)(1)(A) dictates that courts should look to persons already parties, not a party who is sought to be joined.  Id. at 44 (quoting Sch. Dist. of the City of Pontiac v. Sec'y of the U.S. Dep't of Ed., 584 F.3d 253, 265 (6th Cir. 2009)).  If a person is not a necessary party, then joinder under Rule 19 is not proper.  See, e.g., Temple, 498 U.S. at 7–8; see also United States v. City of Detroit, 712 F.3d 925, 948 (6th Cir. 2013).

## ANALYSIS

In its motion to dismiss for failure to state a claim, Premier argues that this insurance policy plainly covers the 3790 Knight Road warehouse leased to Premier up to $1 million in damages.  (ECF No. 27-1 at PageID 730.)  Premier does not challenge the appropriateness of the declaratory judgment action itself or the sufficiency of the complaint, but rather argues that the Court should rule for Premier because the facts and clauses of the policy are allegedly in its favor.  (Id. at PageID 730–31.)  Premier also refutes Southern Trust's alternative claim of mutual mistake and argues that Southern Trust failed to join necessary parties.  (ECF No. 27-1 at PageID 731, 736.)

### I. Failure to State a Claim

The Parties dispute whether the insurance policy issued by Southern Trust to Premier covers the damage that occurred at the 3790 Knight Road warehouse.  Much of the discrepancy turns on the type of insurance that Premier purchased and whether it covered only business personal property or also covered damage to a leased property where Premier's business personal property was located.

This insurance policy is interpreted using Tennessee contract principles.[3]  See Christenberry v. Tipton, 160 S.W. 3d 487, 492 (Tenn. 2005).  A factual question exists when a relevant term in a contract is ambiguous, and that ambiguity "is not appropriately decided in the context of Rule 12."  McKee Foods Corp. v. Pitney Bowes, Inc., No. 1:06–cv-80, 2007 WL

---

[3] When sitting in diversity, federal courts apply the substantive law of the state in which the court sits.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (referencing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).  Tennessee law permits declaratory actions, and insurance policies "are governed by the law of the state where the insurance policy was made and delivered," Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co, 225 S.W. 3d 482, 485 n.1 (Tenn. Ct. App. 2006) (cleaned up).  Because this policy was made and delivered in Tennessee (ECF No. 27-1 at PageID 730), Tennessee substantive law applies.

4

896153, at *3 (E.D. Tenn. March 22, 2007) (citing Hendrix v. City of Maryville, 431 S.W. 2d

292, 297 (Tenn. Ct. App. 1968)).  "A contract is ambiguous if its words may reasonably be

understood in different ways."  Nashville Underground, LLC v. AMCO Insurance Co., 523 F.

Supp. 3d 1006, 1011 (M.D. Tenn. 2021).

  The Property Coverage Limits of Insurance table in Section I of the declarations denotes

that this policy is intended for "business personal property."  (ECF No. 21-2 at PageID 289.)

The third column of that table indicates "Type of Property" and prompts the agent to select

between "Building or Business and Personal Property."  (Id.)  This policy only covered business

personal property, not the building itself, up to a limit of $325,000.  (Id.)

  The definition of buildings and business personal property are in the businessowners

coverage form.  (ECF No. 21-2 at PageID 298.)  Buildings, which are not covered within Section

I of Premier's policy, are defined as "the buildings and structure at the premises described in the

Declarations . . . ."  (Id.)  Business personal property includes property located within the

building at the premises (or within 100 feet of it) that Premier owns and uses in its business,

property of others in Premier's care, tenant's improvements, leased personal property, and

exterior business glass.  (Id.)

  On December 14, 2020, coverage for property located at 3790 Knight Road was added to

the policy.  (ECF No. 21 at PageID 271.)  This addition was made "for LIABILITY only" with a

corresponding $513 increase in Premier's premium.  (Id.)  Premier argues that this endorsement

to the insurance policy added 3790 Knight Road "as a covered property and nam[ed] St. Paul as

an additional insured with respect to property damage to the Master Lease Premises as the

building owner."  (ECF No. 27-1 at PageID 727.)  They aver that "the Liability coverage for the

property identified as the Master Lease Premises included a limit of $1,000,000 for 'Damage to Premises Rented to You.'"  (ECF No. 27-1 at PageID 730.)

As Premier notes in its reply, the endorsement that added St. Paul as a named insured did so "only with respect to the property coverage provided by this insurance for direct physical loss or damage to the building(s) described in the Schedule."  (ECF No. 37 at PageID 1011.)  Premier then omits a key part of the sentence, "in the Schedule," as it tries to reinforce its belief that coverage is available.  However, the reference to the schedule is inextricably interwoven with the type of damage contemplated, as pled by Southern Trust.

When delving into the policy further, relevant exclusions from coverage are located in Section K of the policy.  (See ECF No. 21-2 at PageID 334.)  One of those exclusions is "[t]hat particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf if performing operations, if the 'property damage' arises out of those operations . . . ."  (ECF No. 21-2 at PageID 334.)  But, there are exceptions to Section K's exclusions, including "[a] separate Limit of Insurance [that] applies to Damage To Premises Rented To You as described in Paragraph D. Liability And Medical Expenses Limit Of Insurance in Section II—Liability."  (ECF No. 21-2 at PageID 334.)  Lastly, Premier also emphasizes the insurance requirements of the master lease in its reply.  (ECF No. 37 at PageID 1010.)  However, what Premier was encouraged to obtain and what they actually obtained could be two different things.

The amended complaint contains sufficient allegations to support the view that the insurance policy does not cover the damage at issue here.  In essence, it is unclear whether this policy covers just Premier's business personal property, as Section I seems to state, or whether damage to a warehouse that is not business personal property is potentially covered as well.  The

6

Parties disagree as to how the "direct physical loss or damage to the building(s)" language in the endorsement that added St. Paul affects the property covered in Section I.  Furthermore, "Damage to Premises Rented to You" is being interpreted two different ways.  All in all, ambiguity exists with how this phrase could be read at this stage in the proceedings.  This ambiguity should not be interpreted or resolved at the motion to dismiss stage.

In its amended complaint, Southern Trust also argues, in the alternative, that a mutual mistake due to an administrative error may have occurred when St. Paul was added to the policy via an endorsement.  (ECF No. 21 at PageID 281.)  In its motion to dismiss, Premier argues that this mistake was a unilateral mistake and not a mutual mistake.  (ECF No. 27-1 at PageID 731.)  Yet again, Premier confuses what can be resolved at this stage of the proceeding.  The Court cannot decide between the Parties' alternative views of the facts at the motion to dismiss stage.

When the allegations of the complaint are accepted as true and reasonable inferences are drawn in Southern Trust's favor, Premier's motion falls short.  Thus, Premier's motion to dismiss for failure to state a claim is **DENIED**.

## II. <u>Failure to Join Parties</u>

Premier argues that Mallory Alexander International Logistics, LLC; Page, Chaffin & Riggins Insurance; and an employee of the insurance agency are required parties in this action. (ECF No. 27-1 at PageID 737.)  Their argument for the inclusion of the insurance-related parties is based on Southern Trust's alternative argument concerning mutual mistake.  (<u>Id.</u>)  Mallory Alexander's potential inclusion is rooted in its involvement in both the master lease with St. Paul and the sublease to Premier even though Mallory is not listed as an additional insured entity on this policy.  (ECF No. 27-1 at PageID 737.)

Determining whether a necessary party should be joined is a three-step process.  See Laethem Equip. Co. v. Deere & Co., 485 F. App'x 39, 43 (6th Cir. 2012).  In the first step, a "'court must determine whether the person or entity is a necessary party under Rule 19(a).'"  Id. (quoting Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 665–66 (6th Cir. 2004)).  A party is necessary if "the court cannot accord complete relief among existing parties."  Laethem, 485 F. App'x at 43.  "'Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.'"  Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ., 584 F.3d 253, 265 (6th Cir. 2009) (quoting Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir.1996) (cleaned up)).  Whether a party is indispensable also turns on context.  See Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 118 (1968).

This declaratory judgment action does not require the presence of these additional parties as complete relief can be accorded among the three existing Parties.  The complaint contemplates resolving a contractual dispute between Premier and Southern Trust and the related interest of St. Paul.  The other entities and beings that Premier mentions are not direct parties to the contract, even though all three were involved in either the creation or revision of the contract or are tied to St. Paul and Premier via leases.  The insurance agency and its employee are potential witnesses in this case, but they are not required parties.  Importantly, Mallory "is not listed as an additional insured, a loss payee, or as any other type of interested party in the subject insurance policies." (ECF No. 33 at PageID 984.)  Lastly, Premier will not be subject to additional litigation concerning this specific insurance policy at the conclusion of this matter.  Thus, Premier's motion to dismiss for failure to join necessary parties is **DENIED**.

8

## CONCLUSION

Because ambiguities in the insurance contract should not be interpreted at the motion to dismiss stage and because complete relief can be afforded between the existing Parties before the Court, Premier's motion to dismiss for failure to state a claim and for failure to join necessary parties is **DENIED**.

**IT IS SO ORDERED,** this 16th day of August, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE